UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                               :
                                                    :           Chapter 7
                                                    :
LUKE THOMPSON,                                      :           Case No. 10-10121(JMP)
                                                    :
         Debtor.                                    :
                                                    :
-----------------------------------------------------------------x

## MOTION TO DETERMINE VALIDITY

I am the debtor in this case, and I seek an order determining the validity of 2 judgments obtained against me by the Civil Court of the City of New York, while this bankruptcy case was pending.

The Plaintiff in that case has attempted to enforce these judgments immediately upon dismissal of the bankruptcy case.

On 1/12/2010, I filed this Chapter 7 case.

On 2/5, a default judgment for eviction was signed by the state court for cause that I violated my lease terms by performing "illegal alterations" to the apartment. There was no monetary award (**EXHIBIT A**).

On 6/11, my motion before the city court to vacate the judgment due to this bankruptcy, was heard and denied, and the court upheld the 2/5/10 judgment for eviction, and also included an $18,259 award for "use and occupancy" since the entry of that judgment (4 months at $4565 per month), which the Plaintiff had requested by cross-motion. (**EXHIBIT B**).

On 6/21, my bankruptcy case was dismissed for failure to obtain pre-filing credit counseling.

On 6/23, a marshal began execution of the judgments obtained on 2/12 and 6/11 by serving "notice of eviction" dated 6/23. (**EXHIBIT C**)

## MEMO OF LAW

Judgments obtained against the Debtor in state court between the date of the filing of the case on January 12, 2010 and its dismissal on June 21, 2010, are *void ab initio*, since during this period, this court had exclusive jurisdiction over the Debtor.

> *"a void judgment results when, as here, the trial court had no jurisdiction over the parties or subject matter"* **Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1985)**

> *"[a]n action taken in violation of the automatic stay is void, not merely voidable."* **Continental Casing Corp. v. Samedan Oil Corp., 751 S.W.2d 499, 501 (Tex. 1988)**

Dated: June 24, 2010
New York, New York

_____
Luke Thompson, Debtor

1010 SIXTH ASSOCIATES LLC,

Petitioner(s)

**AGAINST**

THOMPSON, LUKE
CONDIT, ANDRE
DOE, JOHN
DOE, JANE

Respondent(s)

**Decision and judgment** is rendered based upon a decision made after an inquest was held as follows:
Judgment of possession is granted in favor of:
1010 SIXTH ASSOCIATES LLC,
and against
THOMPSON, LUKE
CONDIT, ANDRE
DOE, JOHN
DOE, JANE

A counterclaim is granted in favor of the respondent in the amount of     $0.00 (which if not being entered separately is offset and reflected in the total amount due, listed below.)

A money judgment is hereby granted, along with cost and disbursements in the amount of     $0.00 in favor of:
1010 SIXTH ASSOCIATES LLC,
and against
THOMPSON, LUKE
CONDIT, ANDRE
DOE, JOHN
DOE, JANE

for a total amount of     $0.00

(Monthly use and occupancy is set at     $0.00 per month, as per order, stipulation or decision in record.)

Warrant to issue forthwith

Execution stayed thru. 2/15/10

Date  FEB 5 2010

Judge, Civil/Housing Court

CIV-LT-50(2006)

Page 1 of 2



```
********************************************    ********************************************
********************************************    ********************************************

CIVIL COURT OF THE CITY OF NEW YORK              INDEX NO. 098989/2009
COUNTY OF NEW YORK                               MOTION SEQUENCE NO.: 008
HOUSING PART F, RM. 830
JUNE 11, 2010
```

---

1010 SIXTH ASSOCIATE LLC

              PETITIONER(S),       DECISION/ORDER

    AGAINST

THOMPSON      LUKE                          PRESENT:

              RESPONDENT(S)         GERALD LEBOVITS
                                 JUDGE

RECITATION, AS REQUIRED BY CPLR 2219(A), OF THE PAPERS CONSIDERED IN THE REVIEW OF THIS OSC TO VACATE DEFAULT JUDGMENT/RESTORE TO THE CALENDAR

| PAPERS | NUMBERED |
|---|---|
| NOTICE OF MOTION AND AFFIDAVITS ANNEXED...... | |
| ORDER TO SHOW CAUSE AND AFFIDAVITS ANNEXED.... | |
| ANSWERING AFFIDAVITS............................. | |
| REPLYING AFFIDAVITS.............................. | 6/11/10 |
| EXHIBITS.......................................... | HON. GERALD LEBOVITS |
| STIPULATIONS..................................... | JUDGE, HOUSING COURT |
| OTHER............................................ | |

UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS MOTION IS AS FOLLOWS:

Respondent's motion to vacate the default from the inquest of 2/5/10 (as reinstated on 3/29/10 and 4/14/10 and 6/2/10) is denied. This court's order of 5/4/10 provided that as a condition to vacating the default, respondent would have to pay $18,259 in outstanding use and occupancy from January 2010 through May 2010. Respondent paid none of that amount and has no ability to pay anything. All stays are vacated. Although respondent today shows the court that he has filed for bankruptcy protection, that filing does not affect the possessory portion of the judgment in this holdover proceeding. The remaining execute on the warrant on proper notice.

DATE
                      JUDGE, CIVIL/HOUSING COURT
ADJOURNMENTS:

GENERATED: 06/02/2010 @ 13:05:49    CIV-LT-85 (7/99) (REPLACES 43-2030)

B

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

1010 SIXTH ASSOCIATES LLC.

against

THOMPSON, LUKE &
66 W. 38TH ST.
APT#: 44C
NEW YORK          NY   10018

*Name of Tenant and/or undertenant being fictitious and unknown, person intended, occupying apartment set forth below.*

"John and Jane Doe"

INDEX NO. L/T 98989/09
MARSHAL'S DOCKET NO. 372185
RESIDENTIAL

Petitioner
*Landlord*

Respondent
*Tenant*

CITY MARSHAL

Respondent
*Undertenant*

DANNY M. WEINHEIM #3
SUITE 504
2432 GRAND CONCOURSE
BRONX, NY 10458
(718) 295-3333

# NOTICE OF EVICTION
Alternative Service / Mailing

## NOTIFICACION DE DESAHUCIO
Notificación Alterna / Postal

To the above named tenants and undertenants:

Please take notice that the Court has issued a warrant for your eviction. If you fail to vacate the described premises, **YOU MAY BE EVICTED, WITHOUT FURTHER NOTICE, ON THE SIXTH BUSINESS DAY AFTER THE DATE OF THIS NOTICE** or on any business day thereafter. "Business days" are Monday through Friday except legal holidays.

The **ONLY** way you can stop this eviction is if a Court issues an order to show cause that stays your eviction. You may apply for such an order at the Civil Court, Landlord - Tenant part, in your borough.

If a Court stay of your eviction is in effect, you will be evicted only if the stay ends or is vacated by the Court. If the Court has already ordered that you may be evicted if you fail to make a payment or comply with the Court's order by a certain date, your failure to pay or comply with the Court's order by that date may result in your eviction without further notice.

If you are dependent upon a person in the military service of the United States, advise the clerk of the Court immediately in order to protect your rights.

If you need legal assistance, the Legal Aid Society may be able to assist you (check telephone listing in your borough). A senior citizen who needs legal assistance may contact the New York City Department for the Aging, 2 Lafayette Street, New York, New York 10007, (212) 442-1000.

If you receive public assistance, notify your caseworker immediately. The Human Resources Administration may be able to help you with back payments whether or not you receive public assistance. Call (877) 472-8411 for information.

**DATE OF NOTICE²**                    **FECHADA**

6/23/10

A los susodichos inquilinos y sub-inquilinos:

Tenga a bien notar que la Corte ha emitido una order de desahuccio en contra de usted. Si no desaloja al local descrito, **USTED PUEDE SER DESHAUCIADO, SIN NOTIFICATION ADICIONAL, EL SEXTO DIA HABIL A PARTIR DE LA FECHA DE ESTA NOTIFICATION** o en cualquier día hábil de ahí en adelante. Los "días hábiles" son Lunes a Viernes, excepto los dias de fiesta legales.

Usted puede detener este deshaucio **SOLAMENTE** si una Corte emite una orden judicial instruyendole a usted a mostrar motivos justificantes para suspender su desalojo. Usted puede solicitar esa orden (Order to Show Cause) en la Corte Civil, Seccion del Propietario - Inquilino (Civil Court, Landlord - Tenant part) en su condado.

Si una suspension de su desahucio por orden de la Corte esta en efecto, usted sera desalojado solo si la suspension caduca o la Corte la anula. Si la Corte ha ordenado ya que usted puede ser desalojado si no cumple con hacer un pago o con la orden de la Corte a partir de una fecha de vencimiento, su incumplimiento con el pago o con la orden de la Corte al llegar esa fecha puede resultar en su desahucio sin notificación adicional.

Si usted depende de una persona que pertenece al Servicio Militar de los Estados Unidos, notifiqueselo inmediatamente al Secretario de la Corte (Court Clerk) para asi proteger sus derechos legales.

Si usted necesita ayuda legal, la Legal Aid Society tal vez puede ayudarlo (consulte la guia telefonica de su condado). Una persona de edad avanzada que necesita ayuda legal puede comunicarse con el Departamento para Personas Mayores de la Ciudad de Nueva York, 2 Lafayette Street, New York, New York 10007, (212) 442-1000.

Si usted recibe asistencia publica, notifiquelo a su trabajador social (caseworker) inmediatamente. La Administracion de Recursos Humanos tal vez puede ayudarle con los pagos atrasados, reciba usted o no asistencia publica. Llame al (877) 472-8411 para informacion.

₁ Formerly known as "72-hour notice." Additional time has been allowed for mailing.
Anteriormente conocido como "Aviso de Deshaucio de 72 Horas." Se ha concedido tiempo adicional para enviar por correo.
₂ The date of this notice shall be on or after the date the notice is mailed to the respondent.
La fecha de este notificacion se fijara el dia en que se le envia al apelado o despues de ese dia.



```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :
                                               :   Chapter 7
                                               :
LUKE THOMPSON,                                 :   Case No. 10-10121(JMP)
                                               :
         Debtor.                               :
                                               :
                                               :
------------------------------------------------------------x
```

## ORDER DETERMINING VALIDITY

Upon the motion by the Debtor dated June 24, 2010, and the Debtor presenting 2 state-court judgments for review as to validity, dated February 5th 2010 and June 11th 2010, and both in the matter of 1010 Sixth Associates LLC v. Luke Thompson, a matter before the Civil Court of The City of New York. After due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the judgments of the Civil Court of The City of New York, in the matter of 1010 Sixth Associates LLC v. Luke Thompson dated February 5, 2010 and June 11, 2010 are null and void.

Dated: June ____, 2010
       New York, New York

                                    _____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE